UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM R. GREER, JR., <br> Plaintiff, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:08-cv-03510 |
| HARMON STORES, INC., ET AL <br> Defendant. | § § § § | |

## DEFENDANT, BANK OF AMERICA, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12(b)(6)

Defendant, Bank of America, N.A., incorrectly named Bank of America ("**BOA**"), hereby respectfully moves the Court to dismiss Plaintiff, William R. Greer, Jr.'s ("**Greer**") Original Complaint ("**Complaint**"), titled "Amended Complaint" by the Court as Docket Entry (10), under Rules 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and would state as follows.

### A. Rule 12(b)(2) and (5): Personal Jurisdiction and Service of Process

1. BOA objects to the method of service of Greer's Complaint because Greer has failed to serve BOA in accordance with Fed. R. Civ. P. 4(c)(2). Because Greer failed to properly serve his Complaint against BOA, the Court lacks persona jurisdiction over BOA. Therefore, Greer's Complaint against BOA should be dismissed.

2. Rule 4(c)(2) states that the summons and complaint may be served by any person who is not a party and is at least eighteen years old. Greer is clearly a party to these proceedings as he is the Plaintiff in this matter. It appears that Greer attempted to serve BOA himself, which is in direct violation of Fed. R. Civ. P. 4(c)(2). Because service of process is not proper as to BOA, Greer's claims against BOA should be dismissed.

## B. Rule 12(b)(6): Failure to State a Claim

3. A court should dismiss a lawsuit under Rule 12(b)(6) if it can be determined with certainty that the plaintiff cannot prove any set of facts that would entitle the plaintiff to relief under the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the nonmoving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). More than bare assertions of legal conclusions are required, however. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). Conclusory allegations of law and unsupported inferences cast in the form of fact allegations will not defeat a Rule 12(b)(6) motion. *Browning v. Clinton*, 292 F. 3d 235, 242 (D.C. Cir. 2002); *Moffett v. Halliburton Energy Svcs.*, 291 F. 3d 1227, 1231 (10th Cir. 2002); *Metz v. Unizan Bank*, 416 F. Supp. 2d 568,573 (N.D. Ohio 2006). The district court cannot assume the plaintiff can prove facts it has not alleged. *Cline v. Rogers*, 87 F. 3d 176, 184 (6th Cir. 1996). Therefore, to avoid dismissal under Rule 12(b)(6), the complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some viable legal theory. *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F. 3d 6, 19 (1st Cir. 2003); *Scheid*, 859 F. 2d at 437.

4. Greer's Complaint consists of nonsensical claims that he "**was shot in the back of the head while an agent for Wells Fargo stood behind me**", that "**They continue to try and force me out of the institutions**", and a vague reference to "**the toothbrush cover concept**". *See the Complaint.* Greer fails to state the elements of a cause of action and fails to state a cause of action that can be recoverable.

2

5.     In addition, Greer's claims fail as a matter of res judicata. This very same lawsuit was previously dismissed with prejudice in Civil Action No: 4:09-cv-00198. A true and correct copy of the Order Granting Dismissal is attached hereto as **Exhibit "A"** and incorporated by reference. Therefore, Greer's Complaint should be dismissed.

6.     Because of Greer's failure to state a claim, his Complaint should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Bank of America, N.A., incorrectly named Bank of America, respectfully prays that the Court dismiss William R. Greer, Jr.'s claims against BOA.

DATED this 8th day of May, 2009.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Eric Lipper
Eric Lipper
Attorney in Charge
State Bar No. 12399000
Federal Bar No. 11442
Eric C. Mettenbrink
Of Counsel
State Bar No. 24043819
Federal Bar No. 569887
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
Facsimile: (713) 223-9319
E-mail: elipper@hirschwest.com
E-mail: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT
BANK OF AMERICA, N.A., INCORRECTLY
NAMED BANK OF AMERICA**

**OF COUNSEL:**

**HIRSCH & WESTHEIMER, P.C.**

3

880588.20090196/540363.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document in compliance with Federal Rule of Civil Procedure 5(b)(2)(C) via certified mail this 8th day of May, 2009.

William R. Greer, Jr., *Pro Se*
3739 Shadrack Street
Houston, Texas 77013-3409
*Via CM,RRR No. 7160 3901 9845 4827 8989*

/s/ Eric Lipper
Eric Lipper