UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM R. GREER, JR., | § |
| Plaintiff, | § § § |
| v. | §   C.A. NO. H-8-cv-3510 |
| HARMON STORES, INC., et al., | § § § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Bank of America's Motion to Dismiss. (Doc. No. 25.) After considering the parties' filings and the applicable law, the Court finds that the Motion should be granted. Plaintiff alleges that Bank of America has violated a number of federal and state statutes through its unfair practice of charging and collecting late fees. Bank of America contends that the case should be dismissed on a number of grounds, including improper service, failure to state a claim, and res judicata. The Court does not reach these arguments, however, because it does not have jurisdiction over Plaintiff's claims.

### I. SUBJECT MATTER JURISDICTION

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010

(5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

## II.  ANALYSIS

Petitioner's complaint fails to state a claim over which the Court may exercise subject matter jurisdiction and must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint alleges a violation of the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1); 12 C.F.R. 227.11(b). Petitioner cites the unfair late charges provision for a practice known as "late fee pyramiding." *See* 12 C.F.R. § 227.15. Petitioner does not allege facts to sustain this violation, however, and, furthermore, there is no private right of action for enforcement of these regulations. *See* 15 U.S.C. § 45(m); *Red Diamond Supply, Inc. v. Liquid Carbonic Corp.*, 637 F.2d 1001, 1008 (5th Cir. 1981); *Norris v. Fairbanks Capital Corp.*, 178 Fed.Appx. 401, 403 (5th Cir. 2006).

Plaintiff also cites the Texas Penal Code, defining "criminal episode" as two or more offenses pursuant to the same transaction or repeated commission of the same or similar offenses. TEX. PENAL CODE § 3.01. The Texas Penal Code does not create private causes of action; therefore, these allegations fail to state a viable claim for relief. *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, rehearing overruled) (citation omitted).

Finally, Plaintiff mentions 12 C.F.R. § 220.8, which, pursuant to the Securities Exchange Act of 1934, 15 U.S.C. §78a, et seq., imposes payment rules on securities transactions and requires a broker to obtain full cash payment for customer purchases in a cash account within one payment period. Plaintiff has not alleged any facts suggesting that Bank of America was acting as a securities broker on his behalf or that money was not properly deposited in a cash account. "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed

factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)). The Court will therefore dismiss this claim pursuant to Rule 12(b)(6).

### III. CONCLUSION

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Texas Penal Code and Federal Trade Commission Act claims are **DISMISSED WITH PREJUDICE**. Plaintiff's Securities Act claims against Bank of America are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 3rd day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.